IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS COYNE | : | |
| | : | |
| v. | : | Civil No. CCB-14-1225 |
| | : | |
| OMNICARE, INC., et al. | : | |

## MEMORANDUM

Plaintiff Thomas Coyne, proceeding pro se, filed this action alleging interference with his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Maryland's Flexible Leave Act of 2008 ("MFLA"), Md. Code, Lab. & Empl. § 3-802, by his former employer, Omnicare, Inc.; direct supervisor, Edward O'Connell; and human resources manager, Beth Meseroll (collectively, "the defendants"). Specifically, Coyne asserts the defendants interfered with his rights when they terminated his employment after he had filed a request for FMLA leave. The defendants have filed a motion to dismiss or, in the alternative, for summary judgment claiming Coyne voluntarily waived such rights by signing an agreement and general release of claims against Omnicare and its employees in exchange for severance payments.[1] For the reasons stated below, the defendants' motion will be granted.[2]

## BACKGROUND

This action arises out of Coyne's employment with and subsequent termination from Omnicare. On September 9, 1998, Coyne began working at NeighborCare, Inc., which was

---

[1] In their motion, the defendants make additional arguments based on improper service of process and failure to state a claim. Because dismissal is appropriate on waiver, the court does not address these arguments.

[2] Coyne has requested leave to file a surreply. (*See* Mot. for Leave to File Sur-Reply, ECF No. 18.) Because the arguments made in the surreply do not affect the case's outcome, Coyne's motion will be denied.

acquired by Omnicare on July 28, 2005.  (Compl. ¶¶ 11-12, ECF No. 1.)  Coyne continued working for Omnicare in both customer service and information technology positions.  (Compl. ¶ 13.)  On June 30, 2013, Omnicare sold its NeighborCare Med-B group to another company and began laying off employees associated with that group, including Coyne.[3]  (Compl. ¶¶ 14-15.)  Around this time, Meseroll and O'Connell began communicating with Coyne about his impending termination from Omnicare's employment.[4]  (Compl. ¶¶ 19-22.)

On September 17, 2013, Coyne applied for FMLA leave with The Hartford, Omnicare's third party leave administrator, so that he could take care of his father, who was suffering from a continuing and degenerative health condition.  (Compl. ¶ 17.)  On October 5, 2013, Coyne notified O'Connell of his intent to go on leave starting October 16, 2013.  (Compl. ¶ 18.)  Because Coyne's leave request was still pending on October 15, 2013, Coyne placed on hold his FMLA start date.  (Compl. ¶ 26.)  After The Hartford approved Coyne's FMLA leave on October 25, 2013, Coyne informed O'Connell of his intent to begin leave on October 31, 2013.  (Compl. ¶¶ 29-30.)  On October 30, 2013, Meseroll and O'Connell conducted a telephone conference with Coyne terminating his employment with Omnicare.  (Compl. ¶¶ 30-31.)

Prior to Coyne's termination, Omnicare presented Coyne with an Agreement and General Release ("Agreement").  (Defs.' Mot. to Dismiss or for Summ. J. ("Defs.' Mot."), Ex. 2, ECF No. 7.)  The Agreement included a provision entitled "General Release of All Claims," which stated, in relevant part:

---

[3] The parties dispute whether Coyne worked in the Med-B group.  Coyne claims he never did.  The defendants claim Coyne had always worked in that group.  For reasons stated below, this fact is not material to the analysis.

[4] The parties dispute when such communications began.  Coyne claims they began after he had requested FMLA leave.  The defendants claim that communications began several weeks before Coyne requested leave.  Again, for reasons stated below, this fact is not material to the analysis.

> Employee knowingly and voluntarily releases and forever discharges Omnicare, Inc., its parent corporation, affiliates, subsidiaries, divisions, predecessors insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities . . . of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:
> - . . . .
> - The Family and Medical Leave Act;
> - . . . .
> - Any other federal, state or local law, rule, regulation, or ordinance[.]

(*Id.*) A separate provision entitled, "Acknowledgments and Affirmations," stated that "Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws." (*Id.*) Finally, the Agreement provided that Coyne would receive fifteen weeks of severance pay totaling $17,891.02 "in consideration for signing th[e] Agreement and complying with its terms." (*Id.*)

On November 11, 2013, after his employment with Omnicare had ended, Coyne executed the Agreement. (*Id.*) Following execution, Coyne received fifteen weeks of severance pay from Omnicare. (Defs.' Mot., Ex. 2, Ex. 3.) On April 11, 2014, Coyne filed this action.

## ANALYSIS

The defendants have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A court considers only the pleadings when deciding a Rule 12(b)(6) motion. Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Gadsby by Gadsby v. Grasmick,* 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D. Md. 2003). "There are two requirements for a proper Rule 12(d) conversion." *Greater*

*Baltimore Center for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 281 (4th Cir. 2013).  First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court."  *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious").  "[T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.'"  *Greater Baltimore*, 721 F.3d at 281.

Coyne had adequate notice that the defendants' motion might be treated as one for summary judgment.  The motion's alternative caption and attached materials are in themselves sufficient indicia.  *See Laughlin*, 149 F.3d at 260-61.  Moreover, Coyne referred to the motion in his opposition brief as one for summary judgment, (Pl.'s Opp'n, at 1, ECF No. 10), and submitted additional documentary exhibits, (Pl.'s Opp'n, at 6, Ex. A).  If Coyne had believed he needed additional evidence to oppose summary judgment, then Rule 56(d), which he has not invoked, would have given him the opportunity to seek further discovery through an affidavit.  *See* Fed. R. Civ. P. 56(d); *see also Greater Baltimore*, 721 F.3d at 281 ("[The defendant] took 'the proper course' when it filed the Rule 56([d]) Affidavit, 'stating that it could not properly oppose . . . summary judgment without a chance to conduct discovery.'") (citation omitted); *Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56([d])).  Therefore, the court will consider the additional materials submitted by the parties and will treat the defendants' motion as one for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

The defendants argue Coyne's claims under the FMLA and MFLA are barred by the Agreement. (*See* Defs.' Mot., at 7-8; Defs.' Reply, at 4-7, ECF No. 16.) Coyne argues that the FMLA and its implementing regulations do not allow waiver of such rights. (*See* Pl.'s Opp'n, at 5-6.) For the reasons stated below, the Agreement that Coyne signed is legally enforceable and

bars Coyne's claims. Accordingly, the defendants' motion for summary judgment will be granted.

Although the text of the FMLA itself does not state whether an employee may waive or settle claims under its provisions, *see* 29 U.S.C. § 2601 *et seq.*, the current version of the FMLA's implementing regulations promulgated by the Department of Labor provides an unequivocal answer. *See* 29 C.F.R. § 825.220(d) (2009). Under section 825.220(d), although "[e]mployees cannot waive . . . their *prospective* rights under FMLA," such a prohibition "does not prevent the settlement or release of FMLA claims . . . based on *past* employer conduct without the approval of the Department of Labor or a court." *Id.* (emphases added). The preamble to the current version of section 825.220(d) confirms that the Department of Labor "ha[d] always intended[] for the waiver prohibition to apply only to prospective FMLA rights." 73 Fed. Reg. 67934 (Nov. 17, 2008). This straightforward interpretation already has been applied by a judge in this District. *See Whiting v. Johns Hopkins Hosp.*, 680 F. Supp. 2d 750, 757 (D. Md. 2010), *aff'd*, 416 F. App'x 312 (4th Cir. 2011).

While Coyne does not dispute that the language of section 825.220(d) permits the settlement or release of FMLA claims based on past conduct, he argues that the current version of section 825.220(d) "has not changed" the Fourth Circuit's interpretation of the former version of the regulation. (Pl.'s Opp'n, at 5.) According to Coyne, despite section 825.220(d)'s clear language and explicit regulatory history, this court must adhere to *Taylor v. Progress Energy, Inc.*, which interpreted section 825.220(d) as prohibiting "both the retrospective and prospective waiver or release of an employee's FMLA rights." 415 F.3d 364, 368 (4th Cir. 2005).

Coyne's argument has no merit. The decision in *Taylor* came several years before the Department of Labor revised section 825.220(d) to its present language. Moreover, the Fourth

Circuit has since recognized the "unmistakable" effect of that revision. *Whiting v. Johns Hopkins Hosp.*, 416 Fed. App'x 312, 314; *see also id.* at 316 ("Simply put, the DOL is not bound by the observations we made in *Taylor* . . . ."). Other courts have concluded the same. *See, e.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1123 (11th Cir. 2014) ("It is now, therefore, well-settled that an employee may not waive 'prospective' rights under the FMLA, but an employee *can* release FMLA claims that concern past employer behavior." (emphasis in original)). The FMLA does not prohibit the waiver of claims based on past conduct. Accordingly, whether the Agreement bars Coyne's claims turns on the timing of the conduct in dispute.

Here, Coyne's claims arise entirely out of past conduct. Coyne's sole basis for his claims is his application for FMLA leave on September 17, 2013.[5] His termination occurred several weeks later on October 30, 2013. Coyne then signed the Agreement on November 11, 2013, almost two weeks after his termination. Coyne's execution of the Agreement unequivocally covered his existing FMLA and MFLA claims.[6] Moreover, the terms of the Agreement were unmistakably clear, and Coyne reasonably should have contemplated that he would be releasing these claims. Finally, Coyne received consideration in the form of fifteen weeks of severance payments. In short, the record shows that Coyne did not "trade off" his *future* ability to exercise

---

[5] Coyne does not allege that the defendants interfered with any of his prospective rights. Nor does Coyne allege retaliation. He solely claims *interference* with *past* rights. (*See* Compl. ¶ 1 ("for . . . relief caused by the Defendants' Interference with the plaintiff's exercise of rights under the [FMLA] and [MFLA]").)

[6] While the Agreement does not explicitly list the MFLA as one of the laws for which claims are released, it does cover "any other federal, state or local law, rule, regulation, or ordinance." (Defs.' Mot., Ex. A.) Moreover, Coyne affirmed that he "ha[d] been granted any leave to which Employee was entitled under the Family and Medical Leave Act or *related state or local leave or disability accommodation laws*." (*Id.* (emphasis added).)

rights under the FMLA "against some other benefit offered by the employer." § 825.220(d). Coyne's waiver was wholly permissible. Accordingly, the Agreement bars Coyne's claims.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment will be granted.

A separate Order follows.

<u>September 3, 2014</u>                                              <u>         /S/                            </u>
        Date                                                                Catherine C. Blake
                                                                            United States District Judge